UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT CALIFORNIA

FILED
NOV 22 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

| | |
|---|---|
| IO GROUP INC <br><br> Plaintiff, <br><br> v. <br><br> J███ W███ <br> ███████ ,*pro se* <br> and multiple John Does <br><br> Defendants, | Civil Action No. (or Docket No.) <br><br> C-10-04382 DMR |

## MOTION TO QUASH AND/OR VACATE SUBPOENA AND INCORPORATED MEMORANDUM OF LAW

THE UNDERSIGNED, pro se, moves the court, pursuant to Fed. R. Civ. P. 45(c)(3), and limits his appearance for the purposes of contesting jurisdiction, for an order quashing the subpoena served on __Comcast__, the internet service provider (ISP) of the undersigned, seeking information relating to subscriber information of a certain IP address, and states that:

1. The undersigned was not the direct recipient of the subpoena at issue in this case, but is instead an end user of the above named Internet Service Provider (ISP), but has standing to file this motion to quash pursuant to the personal right and privilege of protection of information, identity, rights of jurisdiction, and undue

burden of travel. See Smith v. Midland Brake, Inc., 162 F.R.D. 683, 685 (D. Kan. 1995).

2. The purpose of the subpoena issued to the undersigned is to disclose my identity as a listed "Doe" in the above styled case, a placeholder name used when a defendant's true identity is unknown. See generally, Plant v. Does, 19 F. Supp. 2d 1316, 1320 (S.D. Fla. 1998).

3. Once the Plaintiff has ascertained the name of the Defendant through the process of discovery, or in the instant case, through their subpoena, the plaintiff must amend the complaint to name the defendant and effect service of process. Slaughter v. City of Unadilla, 2008 U.S. Dist. LEXIS 8350 (M.D. Ga. 2008).

4. After amending the Plaintiff's complaint to reflect the disclosed identity, the undersigned would be subjected to the personal jurisdiction of a lawsuit filed in the District Court for the District of Columbia, without transacting any business in the District of Columbia, and without any other sufficient minimum contacts. See GTE New Media Servs. v. BellSouth Corp., 199 F.3d 1343, 1347 (D.C. Cir. 2000). See also International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

5. Federal cases with personal jurisdiction analysis under internet activity have repeatedly dismissed complaints for want of personal jurisdiction unless a contractual relationship exists with a party located within the state to establish sufficient minimum contacts, and no such relationship has been plead by the Plaintiff. See GTE New Media Servs. v. BellSouth Corp., 199 F.3d 1343, 1348-49 (D.C. Cir. 2000) (citing Bensusan Restaurant Corp v. King, 126 F. 3d 25, 29 (2d Cir. 1997); Mink v. AAAA Development, LLC, 190 F.3d 333, 336-37 (5th

9. Allowing Plaintiff to proceed without quashing this subpoena would allow general jurisdiction in any federal court against any person across the country, or the world, so long as the claim involved a John Doe defendant and internet use, and such precedent violates due process as it offends "traditional notions of fair play and substantial justice" as guaranteed by the U.S. Constitution. See <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945).

WHEREFORE the undersigned Defendant prays this honorable court quash the subpoena requesting subscriber information relating to my IP address issued against the Internet Service Provider in the instant case, and suspend discovery pursuant to the local rules.

The undersigned would respectfully request an order protecting his identity, ubstantially in the form of "The dubpoena seeking information from regarding John Doe #XXXX (identity protected), is hereby quashed."

Dated this 17 day of Novermber, 20 10.

Respectfully submitted,



pro se

Name:
Address Ln1:
Address Ln2:
City, State, Zip: Gowen    Michigan
Phone Number:

